## BUSH v. TRUSTEES OF GENEVA.

*Municipal corporations — Negligence — obstruction in village street — Notice.*

A crosswalk in a village was properly constructed for ordinary purposes, but in consequence of the walk being flooded with water by reason of snow and ice in the gutter, some person, without the authority of the corporation, had placed a plank over the gutter, extending from the curb-stone to the crossing, which was used by foot-passengers. The corporation had no notice of its being there. While the plaintiff was crossing the street, her foot was caught under the plank, and she received an injury. The evidence showed that the injury was caused by the mere accident of some persons stepping on one end of the plank and throwing the other up at the moment the plaintiff attempted to step upon it. *Held*, that the village was not liable on the ground of negligence.

*Held*, also, that the fact that two of the village trustees saw the plank while passing along the street, was not notice to the corporation even that the plank was there, much less that it rendered the street dangerous.

EXCEPTIONS ordered to be heard in the first instance at the general term after nonsuit at the Ontario circuit in February, 1873.

The action was brought by Maria Bush to recover damages for personal injuries sustained by the plaintiff, by reason of the negligence of the defendants.

The complaint contained two causes of action. The first it is unnecessary to mention, as it seems to have been abandoned on the trial, and is not noticed in the opinion of the court. The second was for an injury received by the plaintiff on the 30th of March, 1870, in a public street in the village of Geneva, by means of a loose plank upon one of the crosswalks, whereby her 'ankle was dislocated, and her knee-joint permanently injured. The answer denied

any negligence on the part of the defendants, and set up the defense of contributory negligence on the part of the plaintiff.

On the trial, the plaintiff proved that on the 30th of March, 1870, as she was crossing Seneca street in Geneva, in the evening, her foot was caught under a plank which extended from the curb-stone to the crosswalk over the gutter, by means of which she was thrown upon the sidewalk and sustained the injuries complained of in the second count. It was shown that this plank was placed in the street as early as the 3d of March, 1870; that the gutter was then full of ice and snow, so that the water ran over the sidewalk, and the plank was placed there by some one to enable people to pass over; that this was the only time the plaintiff had passed over it before the night in question; that previous to the occurrence of the accident, the gutter was clear of ice and snow; that on the evening of the 30th of March, 1870, when she crossed again, the plank, which had been suffered to lie there, was partly turned off the crosswalk, so that two persons, walking in advance of the plaintiff, stepped upon one end of it and threw the other up, and the plaintiff's foot caught under it and she was thrown down. The plaintiff testified that she was not thinking of any obstruction, or expecting to find any; that she had no idea the plank remained there, and did not see it, until the two persons stepped upon it and raised it, and caught her foot; that the snow was all gone, and there was no occasion for the plank remaining; that it had been turned around since she previously passed over it, otherwise no accident would have happened; that the president of the village, and one of the trustees, passed over this crosswalk several times while the plank was there.

At the close of the plaintiff's evidence, the defendant moved for a nonsuit, on the grounds that the plaintiff was guilty of contributory negligence in not removing the plank when she first saw it, on the 3d of March; that there was nothing in the village charter requiring the trustees to remove it, and that the fact of the plank being there was not brought to the notice of any officer of the village.

The court granted the motion, and refused to submit any question to the jury. The plaintiff excepted, and the court ordered the exceptions to be heard at the general term.

*E. G. Lapham,* for plaintiff. It was the duty of the defendants to so construct the crosswalk that the water would pass under it, and

if overflowed, making the use of the plank necessary, to cause the same to be removed, when the occasion for its use had passed. Village of Geneva Charter, Laws 1855, chap. 503 ; *Hines* v. *City of Lockport,* 60 Barb. 378; *Mosey* v. *City of Troy,* 61 id. 580; *Ellis* v. *Village of Lowville,* 6 Alb. L. J. 111; 7 id. 33; *City of Providence* v. *Clapp,* 17 How. (U. S.) 161.

A municipal corporation is liable for injuries caused by obstructions not placed in a street by its authority, after actual notice or when, by lapse of time, notice will be presumed. *Hume* v. *Mayor of New York,* 47 N. Y. 639; *Davenport* v. *Ruckman,* 37 id. 568. The question of contributory negligence was,one for the jury. It is always so, except in cases free from all doubt. *Lyman* v. *Inhabitants of Amherst,* 107 Mass. 339 ; *Whitaker* v. *Inhabitants of West Boylston,* 97 id. 273 ; *Frost* v. *Waltham,* 12 Allen, 85 ; *Collins* v. *Council Bluffs,* 32 Iowa, 324 ; *Reed* v. *Northfield,* 13 Pick. 94 ; *Rindge* v. *Coleraine,* 11 Gray, 157 ; *Creed* v. *Hartman,* 29 N. Y. 591 ; *Filer* v. *N. Y. Cent. R. R. Co.,* 49 id. 47 ; Shear. & Redf. on Neg., § 31 and note ; *Davenport* v. *Ruckman,* 37 N. Y. 568.

*Theodore Sill,* for defendants.

GILBERT, J. We think no negligence on the part of the defendants was shown; there was no evidence of any omission of duty in the construction of the crosswalk. For aught that appears, it was properly constructed for all ordinary purposes. The overflow which occasioned the use of the plank was an extraordinary occurrence ; the use of the plank, in such an exigency, was quite in accordance with the habits of the most prudent people. No danger could be reasonably apprehended from the use of it; no negligence can be imputed upon such facts; indeed, the evidence shows that the injury to the plaintiff was caused by the mere accident of a person stepping on one end of the plank at the moment she attempted to step on the other end of it; if anybody is liable it is the persons who stepped on the plank, and not the village corporation.

Again, the corporation did not put the plank in the street, and it had no notice of its being on the street. The fact that two of the trustees saw it when passing along the street is not notice to the corporation, even, that the plank was there, much less that it rendered the street dangerous.

The judgment should be affirmed, with costs.

*Judgment affirmed.*